IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS KEVIN RICKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-3192-L-BN |
| | § | |
| SAPUTO U.S. DAIRY FOODS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Plaintiff Dennis Kevin Ricks filed a *pro se* lawsuit against Defendant Saputo U.S. Dairy Foods, attaching a determination and notice of rights from the Equal Employment Opportunity Commission. *See* Dkt. No. 4. And United States District Judge Sam A. Lindsay referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Although he does not specifically set out his claims in the complaint or any federal statute, Ricks identifies civil rights employment/housing claims, personal injury/product liability, and the Fair Labor Standards Act on his civil cover sheet. *See* Dkt. No. 4 at 7. So venue as to Ricks's claims would be governed either by the general venue provision of 28 U.S.C. § 1391 or by Title VII's special venue provisions, which "displace[] the general rules for venue." *Dabney v. A&R Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2 (M.D. La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *see also* *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue

provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))).

Under 28 U.S.C. § 1391(b), venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction.

And the special venue provisions in section 2000e-5(f)(3) provide that

> [e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*

So, under Section 2000e-5(f)(3), "venue is not limited to the judicial district in which the unlawful employment practices occurred if the state is a multi-district state; but venue is appropriate in any district in the state in which the unlawful

employment practices occurred." *Adams v. Cal-Ark Int'l, Inc.*, 159 F. Supp. 2d 402, 409 (E.D. Tex. 2001) (cleaned up).

Still, 28 U.S.C. § 1404(a) "allows district courts to transfer certain cases for the convenience of parties and witnesses and in the interest of justice" if it's shown that "[t]he new venue [is] clearly more convenient" than the alternative." *In re Google*, 172 F.4th 450, 453 (5th Cir. 2026) (cleaned up).

The Court may raise this issue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge" and "may be made *sua sponte*." (citation omitted)).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

Ricks alleges that he currently resides in Clarksville, Texas in Red River County. *See* Dkt. No. 4 at 1, 7. He alleges that Saputo is located in Sulphur Springs, Texas in Hopkins County. *See id.* Hopkins County is located within the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3). And Red River County is also located in the Eastern District of Texas, but in the Texarkana Division. *See* 28 U.S.C. § 124(c)(5). And there are no allegations relating to the Northern

District of Texas or the Dallas Division specifically.

So, if the general venue provision applies, venue is not proper in this division and district, and the case should be transferred to the Sherman Division of the Eastern District of Texas.

But, even if the special venue provisions in Section 2000e-5(f)(3) apply, the case should still be transferred to the Sherman Division of the Eastern District of Texas under 28 U.S.C. § 1404(a) for the convenience of parties and witnesses and in the interest of justice. Having considered the applicable private and public interest factors, *see In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008), venue is clearly more convenient where Ricks was employed, particularly given that none of the parties are alleged to be located in this district and there are no allegations connecting any of the events in this case to the Northern District of Texas or the Dallas Division specifically.

Further, although Saputo is narrowly located within 100 miles of the Dallas courthouse, Ricks's residence is not. So the availability of compulsory process to secure the attendance of witnesses weighs in favor of transfer, as does the ease of access to Ricks's employment records and other sources of proof, and the cost of attendance for willing witnesses. Overall, the factors are either neutral or favor venue in the Eastern District.

Therefore, this action will be transferred to the Sherman Division of the Eastern District of Texas under Section 1404(a) and the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6 on **October 15,**

**2026**, to allow any party to file an objection to Judge Lindsay within 14 days after being served with a copy of this order, *see* FED. R. CIV. P. 72(a).

Only if an objection is filed will the order of transfer be stayed pending further order of the Court.

SO ORDERED.

DATED: September 24, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE